■ In the Matter of RASHEEN LAMONT J., a Child Alleged to be Permanently Neglected. SABRINA N., Appellant; ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [665 NYS2d 204] —Order unanimously affirmed without costs. Memorandum: Family Court's finding of permanent neglect is supported by clear and convincing evidence. Despite diligent efforts by petitioner to encourage and strengthen the parent-child relationship, respondent mother failed to plan for the future of her child for a period of more than one year following the child's placement with petitioner although physically and financially able to do so (*see,* Social Services Law § 384-b [7]; *Matter of Sheila G.,* 61 NY2d 368, 373; *Matter of Richard X.,* 226 AD2d 762, 763, *lv denied* 88 NY2d 808).

The record establishes that, in order to address the problems preventing the child's discharge from petitioner's care, petitioner developed a plan for appropriate services that

included substance abuse evaluation and treatment, counselling and parenting classes, biweekly visitation between respondent and her child and other assistance to respondent. Respondent was wholly uncooperative; she failed to complete various substance abuse treatment programs, make the biweekly visits, attend parenting classes, or meet with the caseworker to sign releases authorizing the caseworker to arrange for counseling and other assistance. Although petitioner must engage in "meaningful efforts" to assist a parent, it "is not charged with a guarantee that the parent succeed in overcoming his or her predicaments. Indeed, an agency that has embarked on a diligent course but faces an utterly uncooperative or indifferent parent should nevertheless be deemed to have fulfilled its duty" (*Matter of Sheila G., supra,* at 385).

We reject the further contention of respondent that the court erred in terminating her parental rights. "Although petitioner did not establish the likelihood that the child would be placed for adoption, the court nevertheless properly determined that the best interests of the child would be promoted by transferring [his] guardianship and custody to petitioner" (*Matter of Atina C.,* 234 AD2d 997, 998; *see generally, Matter of Star Leslie W.,* 63 NY2d 136, 147-148). (Appeal from Order of Erie County Family Court, Rosa, J.—Terminate Parental Rights.) Present—Denman, P. J., Pine, Wisner, Balio and Boehm, JJ.