SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

30

CAF 12-02245

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

IN THE MATTER OF JADA G. AND JONATHAN G.
-----------------------------------------------
WYOMING COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

MARCELLA G., RESPONDENT,
AND JONATHAN C., RESPONDENT-APPELLANT.

PALOMA A. CAPANNA, WEBSTER, FOR RESPONDENT-APPELLANT.

JAMES WUJCIK, ACTING COUNTY ATTORNEY, GENESEO (WENDY S. SISSON OF
COUNSEL), FOR PETITIONER-RESPONDENT.

LINDA M. JONES, ATTORNEY FOR THE CHILDREN, BATAVIA.

Appeal from an order of the Family Court, Wyoming County (Michael F. Griffith, J.), entered November 28, 2012 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondents on the ground of permanent neglect.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order granting the petition alleging that he violated the terms of a suspended judgment and terminating his parental rights on the ground of permanent neglect. Family Court properly granted the petition. Contrary to the father's contention, the court properly determined that petitioner established by a preponderance of the evidence that he violated one or more terms of the suspended judgment (*see Matter of Malik S. [Jana M.]*, 101 AD3d 1776, 1777).

We reject the father's further contention that it was not in the children's best interests for the court to terminate his parental rights. The court properly determined that the children's best interests would be promoted by transferring their guardianship and custody to petitioner notwithstanding the fact that the children were not in a preadoptive home (*see Matter of Rasheen Lamont J.*, 244 AD2d 901, 902; *see also Matter of Wesley Antonio C.*, 287 AD2d 374, 374). Finally, we reject the contention of the Attorney for the Children that the court should have imposed a schedule for the "winding down" of the relationship between the father and the children. There is no legal authority for such a schedule (*see Matter of Hailey ZZ. [Ricky*

*ZZ.]*, 19 NY3d 422, 437).

Frances E. Cafarell
Clerk of the Court